UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. DBA GREENTECH RENEWABLES,<br><br>Plaintiff,<br><br>v.<br><br>MIDWAY LOGISTICS, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-03361-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiff Consolidated Electrical Distributors, Inc. (d/b/a GreenTech Renewables, "GreenTech") filed this case in Sonoma County Superior Court, seeking to establish liability against defendant Midway Logistics, LLC ("Midway") and others, for the costs of solar panels that GreenTech fabricated and sent from Indiana through services provided by Midway, that never reached the intended recipient in California. After receiving service, Midway removed the case to this court. GreenTech moves to remand, arguing that removal was inappropriate absent consent from the other named defendant M&Z Encore Transportation, Inc. ("M&Z"), and that there is no federal question or diversity jurisdiction. Dkt. No. 11.

The motion to remand is DENIED.[1] Even if Midway should have affirmatively sought consent from M&Z prior to filing the notice of removal, in light of Green Tech's and Midway's admitted difficulties in locating a proper agent for M&Z, any such defect is excused. Green Tech asserted a claim under the Carmack Amendment, 49 U.S.C. § 14706(b), which creates federal question jurisdiction given the amount in controversy. This case will proceed here.

**BACKGROUND**

GreenTech is a Delaware corporation with its principal place of business in Texas. Complaint ¶ 2 ("Compl.") [Dkt. No. 11-3, Ex. A]. It supplies solar energy products, including panels. *Id.* According to its complaint, in April 2023, it hired Midway, whose principal place of

---

[1] This matter is appropriate for resolution without oral argument. The hearing set for August 14, 2024, is VACATED. Civ. L.R. 7-1(b).

United States District Court
Northern District of California

1   business is in Kansas, to handle transportation of 1,716 solar panels, worth approximately

2   $609,508.80, from Indiana to California. *Id.* ¶¶ 2, 5-6. Midway represented to GreenTech that the

3   cargo would be carried by two other carriers. *Id.* ¶¶ 8-9. But the cargo was never delivered to the

4   destination. *Id.* ¶ 10. Some of the cargo was allegedly diverted to a facility owned and operated

5   by defendant M&Z Encore Transportation, Inc., a California corporation with its principal place of

6   business in California, ("M&Z"). *Id*. ¶ 17. And before GreenTech could recover its cargo, M&Z

7   released it to an unauthorized party. *Id.*

8         GreenTech filed its complaint against Midway, M&Z, and Does 1-10 in Sonoma Superior

9   Court on March 7, 2024. It asserts a claim for breach of contract against Midway, and in the

10   alternative, claims for misrepresentation against Midway, bailment against Midway and M&Z,

11   and violation of the Carmack Amendment against Midway.[2] Compl. ¶¶ 12-35. After it was

12   served on May 7, 2024, Midway filed its Notice of Removal in this Court on June, 4, 2024,

13   identifying both federal question and diversity of citizenship as bases supporting removal. Notice

14   of Removal [Dkt. No. 1].

15         Midway did not obtain consent from M&Z before removing this case. Instead, in its

16   Notice of Removal, Midway asserted that as of the date of removal, it believed M&Z "has not

17   been served in the State Suit." Notice of Removal ¶ 10. GreenTech now moves to remand on the

18   basis that Midway did not secure M&Z's consent to removal and because there is no federal

19   question or diversity jurisdiction that could support removal. Dkt. No. 11.

**LEGAL STANDARD**

21         Federal courts are courts of limited jurisdiction, only possessing power authorized to them

22   by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,

23   377 (1994); *see also* 28 U.S.C. §§ 1331, 1332. Under section 1441, an action, which a federal

24   court has jurisdiction over, brought in state court may be removed into federal court. 28 U.S.C. §

25   1441(a). But if it "appears that the district court lacks subject matter jurisdiction, the case shall be

26   remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about

____

28   [2] 49 U.S.C. § 14706(b).

United States District Court
Northern District of California

1    the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines,*

2    *Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citation omitted). "The presumption against

3    removal means that the defendant always has the burden of establishing that removal is proper."

4    *Id.* (internal citation and quotation marks omitted).

**DISCUSSION**

5

6    **I.       M&Z CONSENT**

7              Under 28 U.S.C.§ 1446(b)(2)(A), "When a civil action is removed solely under section

8    1441(a)[3], all defendants who have been properly joined and served must join in or consent to the

9    removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Hewitt v. City of Stanton*, 798 F.2d

10   1230, 1232 (9th Cir. 1986) (per curiam) ("All defendants must join in a removal petition with the

11   exception of nominal parties."). The "rule of unanimity," however, "does not apply to "'nominal,

12   unknown or fraudulently joined parties.'" *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d

13   756, 762 (9th Cir. 2002) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th

14   Cir.1988)).

15             If less than all the defendants join to remove an action, "the removing party has the burden

16   under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of

17   removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (internal

18   citation omitted), *superseded by statute on other grounds in Abrego Abrego v. Dow Chem. Co.*,

19   443 F.3d 676, 681 (9th Cir. 2006) (per curiam). A court in this District has required removing

20   defendants to "exercise due diligence to ascertain if other defendants have been served." *Beltran v.*

21   *Monterey Cnty.*, 2009 WL 585880 at \*3 (N.D. Cal. Mar. 6, 2009).

22             There is a question if Midway exercised sufficient due diligence to ascertain whether M&Z

23

24   _____

     [3] Section 1441(a) applies to removal based on federal question and diversity jurisdiction; both
25   grounds were asserted in Midway's Notice of Removal. Notice of Removal ¶¶ 9-10. Midway
     argues that section 1441(c) also provides removal jurisdiction. Oppo. at 3. However, in its Notice
26   of Removal, Midway did not identify any non-removable claims in the Complaint and Midway
     has not moved to sever any such claim in this Court. Removal under section 1441(c) is not at
27   issue. *See* 28 U.S.C. § 1441(c) (governing removal of claims "not within the original or
     supplemental jurisdiction of the district court or a claim that has been made nonremovable by
28   statute"). Section 1441(b) is also not applicable because that governs removal based on diversity
     jurisdiction, and here removal was predicated on both federal question and diversity jurisdiction.

had been served and would consent to removal.  The only information regarding the issue in the

Notice of Removal is Midway's assertion that at the time of removal it believed Midway had not

yet been served.  Notice of Removal ¶ 10.  GreenTech does not dispute that no proof of service

had been filed in the state court docket by the time of the removal.[4]  There is conflicting authority

among district courts in the Ninth Circuit over whether simply checking the state court docket and

not finding a proof of service is sufficient to show diligence or whether more – like attempting to

contact other named defendants or plaintiff's counsel to ascertain the status of service on all

defendants – is required.  *See Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *3

(N.D. Cal. May 17, 2018) (discussing conflicting authority); *see also Loewen v. McDonnell*, No.

19-CV-00467-YGR, 2019 WL 2364413, at *4 (N.D. Cal. June 5, 2019) (canvassing split in

authority).

I need not weigh in on this issue because there is a different wrinkle presented by this case;

whether service on M&Z was effective.  In its motion to remand, GreenTech admits that service

on M&Z may have been ineffectual.  GreenTech's proof of service attests to "personal service" at

the address M&Z listed with the California Secretary of State for M&Z's agent for service of

process.  Mot. at 4 n.2. & 6-7.  But Midway notes, in support of its opposition to the motion to

remand, that the address at issue is a mailbox rental establishment and "Corrie Doe" – identified as

the person served by GreenTech's process server – is not one of the authorized agents for M&Z

listed on the California Secretary of State's site.  *See* Declaration of Justin McIntosh, Dkt. No. 20-

2; Declaration of Linda Higgins, Dkt. No. 20-3.

In its Motion to Remand and Reply, GreenTech argues that the effectiveness of its service

on M&Z is an "issue for another day."  Mot. at 4 n.2.  But if GreenTech was not able to effectuate

service on M&Z, not only would M&Z not be "properly joined and served," it would be

inequitable to fault Midway for not having contacted M&Z to secure consent prior to removing

---

[4]  In this court, GreenTech filed a copy of a proof of service on M&Z showing "personal service" on M&Z through service on "Corrie Doe – Manager – Authorized Agent" at a specific address on May 7, 2024 (the same date Midway was served).  *See* Declaration of Conte Cicala (Dkt. No. 11-2), Ex. C.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   this case.[5]  Neither side discloses whether they have been able to contact representatives from

2   M&Z to seek consent to removal, determine whether to pursue entry of default judgment against

3   M&Z, or otherwise.

4           Given the record here, which calls into question whether M&Z provided the California

5   Secretary of State an actual agent for service of process at an address at which personal service

6   could be effectuated, Midway will not be faulted for failing to take additional efforts to seek

7   consent for M&Z beyond checking the state court docket and not finding a proof of service.  On

8   this record, unanimity will be excused as M&Z was apparently not "properly joined and served"

9   and is effectively unknown.[6]

10          The motion to remand based on Midway's failure to secure unanimity is DENIED.

11  **II.     FEDERAL QUESTION JURISDICTION**

12          As noted, Midway removed this case based in part on federal question jurisdiction because

13  GreenTech has a claim against Midway under the Carmack Amendment, 49 U.S.C. § 14706(b).

14  *See* Notice of Removal ¶ 6; Compl. ¶¶ 16-20.  Under 28 U.S.C. section 1337, "the district courts

15  shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only

16  if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest

17  and costs."  Plaintiff pleaded over $600,000 in loses, exceeding the $10,000 jurisdictional amount.

18  Compl. ¶ 11.

19          GreenTech argues that its Carmack Amendment claim cannot create a basis for federal

20  question jurisdiction because it was pleaded in the "alternative" and because in its answer Midway

21  alleges it is not a "carrier" that could be liable under the Carmack Amendment.  *See* Answer (Dkt.

---

22

23  [5]  GreenTech faults Midway for not considering the identity of the two doe defendants identified
    in the complaint and securing their consent.  *See* Reply at 3.  But because doe defendants are
24  obviously "unknown" and unserved, they need not consent to removal.  *Emrich v. Touche Ross &
    Co.*, 846 F.2d 1190, 1193 & n.1. (9th Cir. 1988).  In addition, because there is federal question
25  jurisdiction, *see below*, diversity jurisdiction need not be considered.  As such, the removal here
    does not implicate the contested practice of "snap removal," "[t]he practice of circumventing
26  application of the forum-defendant rule by removing before defendants are served."  *Lam Sing v.
    Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26,
27  2023).

28  [6] As such, I need not reach Midway's additional argument that M&Z's consent was not needed
    because it is a nominal party.

No. 9) at 4.  GreenTech cites no cases showing it can avoid federal question jurisdiction by pleading a federal claim only "in the alternative."  As the "master of the claim," GreenTech could have avoided federal jurisdiction by relying only on state claims.  *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  By including the Carmack Amendment claim, GreenTech opened itself to federal jurisdiction.

GreenTech's argument that Midway should be "estopped" from denying liability under the Carmack Amendment while relying on that same claim to support removal fares no better. GreenTech cites no cases in support of its estoppel argument.  The Carmack Amendment claim is clearly asserted against Midway in GreenTech's complaint.  Midway should not be forced to decide between its right to remove the case on the basis of that federal claim *or* forgo its right to defend against that federal claim.  Removability is ascertained by reviewing the face of the complaint and not the answer.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1086 (9th Cir. 2009) ("Thus, the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.' *Phillips Petroleum Co. v. Texaco, Inc*., 415 U.S. 125, 127–28 [] (1974) (per curiam)."); *ARCO Env't Remediation, L.L.C v. Dep't of Health & Env't Quality of Mont*., 213 F.3d 1108, 1113 (9th Cir. 2000) ("[F]ederal jurisdiction depends solely on the plaintiff's claim for relief and not on anticipated defenses to those claims.").[7]

**CONCLUSION**

The motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2024

William H. Orrick
United States District Judge

---

[7] Midway also argues removal is permissible because the Carmack Amendment completely preempts the state law claims.  Oppo. at 8.  Having found federal question jurisdiction, I need not address removal based on complete preemption nor do I need to consider the alternate diversity jurisdiction basis for removal.

United States District Court
Northern District of California